NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEVERLY D. TROTTER-LOW,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3147

---

Petition for review of the Merit Systems Protection Board in No. DA-0845-15-0145-I-1.

---

Decided: November 6, 2015

---

BEVERLY D. TROTTER-LOW, Buda, TX, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM

Beverly Trotter-Low appeals from a Merit Systems Protection Board ("Board") decision dismissing her appeal as untimely filed. Because the Board's dismissal is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

Ms. Trotter-Low receives annuity benefits under the Federal Employees Retirement System. Because the Office of Personnel Management ("OPM") had not adjusted her annuity based on her receipt of a Social Security Disability Insurance Benefit, it calculated that it overpaid her $29,320 for the period from July 1, 2010 to April 30, 2014. It informed Ms. Trotter-Low that it intended to collect this overpayment by deducting monthly installments from her annuity. Ms. Trotter-Low timely requested reconsideration of the OPM's decision.

On September 30, 2014, the OPM sent Ms. Trotter-Low a letter denying her request for reconsideration. The OPM rejected Ms. Trotter-Low's offer to repay a lesser amount, finding it unreasonable. The OPM did conclude that the original repayment schedule would cause Ms. Trotter-Low financial hardship and set a new repayment schedule to begin January 1, 2015 absent a timely filed appeal with the Board. The letter included a paragraph titled "Appeal Rights," which explained that Ms. Trotter-Low must file any Board appeal "within 30 calendar days from the date of this letter, or from receipt of this letter, whichever is later." Resp't App. ("R.A.") at 46. As evidenced by a Certified Mail tracking receipt, Ms. Trotter-Low received the OPM letter on October 4, 2014. Thus, the deadline for Ms. Trotter-Low to file an appeal was November 3, 2014.

On December 11, 2014, the Board received an appeal from Ms. Trotter-Low. While Ms. Trotter-Low signed the

appeal form on October 31, 2014, the envelope in which it was mailed is postmarked December 2, 2014. In response, the Board mailed Ms. Trotter-Low an Order on December 24, 2014, explaining that there was a question regarding whether her appeal was untimely and should be dismissed. The Order stated that if Ms. Trotter-Low did not file her appeal on time she should "file evidence and/or argument showing that good cause exists for the delay in filing" and explained what constitutes "good cause." R.A. at 13. Ms. Trotter-Low did not respond to this Order. On February 26, 2015, the Board dismissed Ms. Trotter-Low's appeal as untimely filed. Ms. Trotter-Low timely appealed to this Court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the regulatory time limit for filing an appeal to the Board should be waived based on a showing of good cause is committed to the Board's discretion. *Mendoza v. Merit Sys. Protection Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "[W]e will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* (citing 5 U.S.C. § 7703(c)).

On appeal, Ms. Trotter-Low only argues the merits of her case—that the four years it took the OPM to process her paperwork was unreasonable and caused her severe financial and personal hardship. She does not address whether there was good cause for her delay in filing her Board appeal. As the Board explained in its December 24, 2014 Order, the burden is on Ms. Trotter-Low to come forward with evidence or argument explaining that good cause existed for her untimely filing. Ms. Trotter-Low did not respond to the Board's Order. Under the facts presented, we cannot say the Board abused its discretion in dismissing her appeal as untimely filed. *Id.* at 653–64 (holding that the Board did not abuse its discretion by

dismissing an untimely appeal where the appellant failed to respond to a Board order to show cause).

## CONCLUSION

For the foregoing reasons, the judgment of the Board is *affirmed*.

## **AFFIRMED**

### COSTS

No costs.